## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

|  |  |
|---|---|
| Bobby Bellard, Craig Messick, and Barbra Speer, <br><br> *Plaintiffs,* <br><br> v. <br><br> The University of Texas MD Anderson Cancer Center, <br><br> *Defendant.* | Civil Action No.: 3:22-cv-88 |

### DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendant The University of Texas M.D. Anderson Cancer Center ("MD Anderson" or "Defendant") hereby submits its Amended Answer to Plaintiffs Bobby Bellard, M.D., Craig Messick, M.D., and Barbra Speer, D.O., (collectively "Plaintiffs") Complaint.

MD Anderson denies any and all averments in the Complaint not expressly admitted herein.  MD Anderson answers the individually enumerated paragraphs of the Complaint as follows:

### INTRODUCTION

1.      Paragraph 1 of the Complaint contains legal conclusions, citations, and arguments that MD Anderson is not required to answer and, on that basis, denies all of them.

2.      MD Anderson admits that it is part of The University of Texas System, that it implemented a vaccine mandate program in accordance with the Centers for Medicare

and Medicaid Services' Interim Final Rule, Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, subject to appropriate exemptions, and that it did grant certain exemptions to this requirement for employees in job categories similar to those held by Plaintiffs.  MD Anderson denies the remaining allegations in paragraph 2.

3.     MD Anderson admits that Plaintiffs are asserting claims against it under the statutes identified in paragraph 3 of the Complaint, but denies that it is liable to Plaintiffs under these, or any other, bases.

## PARTIES

4.     MD Anderson admits the allegations contained in paragraph 4 of the Complaint.

5.     MD Anderson admits the allegations contained in paragraph 5 of the Complaint.

6.     MD Anderson admits the allegations contained in paragraph 6 of the Complaint.

7.     MD Anderson admits that it is a component of The University of Texas System, which is part of the government of the State of Texas.  MD Anderson further admits that Plaintiffs work at MD Anderson facilities in Houston and Sugar Land, both of which are located within the Southern District of Texas, and that it is an entity that functions through its governing bodies, officers, and employees.  The remaining allegations in paragraph 7 of the Complaint are legal conclusions and argument that MD Anderson is not required to answer and, on that basis, denies all of them.

## JURISDICTION AND VENUE

8.      MD Anderson admits that this Court has subject-matter jurisdiction over this case.

9.      MD Anderson admits that this Court has authority to award Plaintiffs' requested relief, however, MD Anderson denies that Plaintiffs are entitled to the relief sought.

10.     MD Anderson admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

11.     MD Anderson admits that the facts asserted in paragraph 11 of the Complaint are true, but denies that it forms the basis for any liability to Plaintiffs.

12.     MD Anderson admits the allegations contained in paragraph 12 of the Complaint.

13.     MD Anderson admits the allegations contained in paragraph 13 of the Complaint.

14.     MD Anderson admits the allegations contained in paragraph 14 of the Complaint.

15.     MD Anderson admits that each of the Plaintiffs asserted an objection to its vaccine program on the bases asserted in paragraph 15 of the Complaint.

16.     MD Anderson denies the allegations that there was no opportunity to appeal. MD Anderson admits the remaining allegations contained in paragraph 16 of the

Complaint, however, for clarity, MD Anderson avers that on March 23, 2022, Dr. Bellard was advised that his exemption request was approved.

17.     MD Anderson admits the allegations contained in paragraph 17 of the Complaint; however, MD Anderson avers that on March 23, 2022, Dr. Bellard was advised that the notice of contract non-renewal was rescinded.

18.     MD Anderson admits the allegations contained in paragraph 18 of the Complaint, however, for clarity, avers that Dr. Bellard's administrative leave was fully paid and that all privileges and access have been fully restored.

19.     MD Anderson denies the allegations that there was no opportunity to appeal and that the exemption was made because of Dr. Messick's pro-life belief. MD Anderson admits the remaining allegations contained in paragraph 19 of the Complaint however, for clarity, MD Anderson avers that on March 23, 2022, Dr. Messick was advised that his exemption request was approved.

20.     MD Anderson admits the allegations contained in paragraph 20 of the Complaint, however, for clarity, MD Anderson avers that on March 23, 2022, Dr. Messick was advised that the notice of contract non-renewal was rescinded.

21.     MD Anderson admits the allegations contained in paragraph 21 of the Complaint, however, for clarity, avers that Dr. Messick's administrative leave was fully paid and that all privileges and access have been fully restored.

22.     MD Anderson denies the allegations that there was no opportunity to appeal. MD Anderson admits the remaining allegations contained in paragraph 22 of the

Complaint, however, for clarity, MD Anderson avers that on March 23, 2022, Dr. Speer was advised that her exemption request was approved.

23.    MD Anderson admits the allegations contained in paragraph 23 of the Complaint however, for clarity, MD Anderson avers that on March 23, 2022, Dr. Speer was advised that the notice of contract non-renewal was rescinded.

24.    MD Anderson admits the allegations contained in paragraph 24 of the Complaint, however, for clarity, avers that Dr. Speer's administrative leave was fully paid and that all privileges and access have been fully restored.

25.    MD Anderson admits that the denial of a religious exemption is a final action but denies the remaining allegations contained in paragraph 25 of the Complaint.

26.    MD Anderson admits the allegations contained in paragraph 26 of the Complaint.

**COUNT I**
**First Amendment—Free Exercise Clause**
**42 U.S.C. § 1983**

27.    MD Anderson admits that Plaintiffs restate each of the foregoing paragraphs, but admits or denies each of them as set forth herein.

28.    MD Anderson lacks sufficient knowledge of each of the Plaintiffs' religious belief system to admit or deny the allegations contained in paragraph 28 of the Complaint.

29.    MD Anderson admits the allegations contained in paragraph 29 of the Complaint.

30.     MD Anderson admits that each of Plaintiff's requests were denied for a limited time period and have since been approved, but denies that it infringed upon Plaintiffs' religious beliefs.

31.     MD Anderson denies the allegations contained in paragraph 31 of the Complaint.

32.     Paragraph 32 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

33.     Paragraph 33 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

34.     Paragraph 34 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

35.     Paragraph 35 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

36.     Paragraph 36 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

37.     Paragraph 37 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

38.     Paragraph 38 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.  MD Anderson further denies that it failed to effectively communicate the bases for its implementation of the vaccine program.

6

39.     Paragraph 39 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.  MD Anderson denies that it violated any of Plaintiffs' rights.

### COUNT II.
### First Amendment—Unconstitutional Conditions Doctrine
### 42 U.S.C. § 1983

40.     MD Anderson admits that Plaintiffs restate each of the foregoing paragraphs, but admits or denies each of them as set forth herein.

41.     MD Anderson admits the allegations contained in paragraph 41 of the Complaint.

42.     MD Anderson denies the allegations contained in paragraph 42 of the Complaint.

43.     MD Anderson admits that each Plaintiff worked for MD Anderson for at least nine years and that their respective contracts were renewed during this period as alleged in paragraph 43 of the Complaint, but lacks sufficient information to admit or deny each Plaintiff's mental state with respect to contract renewals.

44.     MD Anderson admits that each Plaintiff received a satisfactory annual review, but lacks sufficient information to admit or deny each of their expectations as set forth in paragraph 44 of the Complaint.

45.     MD Anderson admits the allegations contained in paragraph 45 of the Complaint, however, for clarity, MD Anderson avers that each of the Plaintiff's exemptions were granted and notices of non-renewal were rescinded on March 23, 2022.

7

46.     MD Anderson denies the inference contained in paragraph 46 that each Plaintiff's contract non-renewal is based on conduct that violated his or her rights or beliefs, but admits that each Plaintiff received a notice of non-renewal which was rescinded on March 23, 2022.

47.     Paragraph 47 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

48.     MD Anderson denies the allegations in paragraph 48 of the Complaint.

49.     Paragraph 49 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.  MD Anderson denies that it violated any of Plaintiffs' rights.

50.     Paragraph 50 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.  MD Anderson avers, for clarity, that the non-renewal notice to each Plaintiff was rescinded on March 23, 2022.

51.     Paragraph 51 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.  MD Anderson denies that it violated any of Plaintiffs' rights.

## COUNT III
### Fourteenth Amendment—Due Process Clause
### 42 U.S.C. § 1983

52.     MD Anderson admits that Plaintiffs restate each of the foregoing paragraphs, but admits or denies each of them as set forth herein.

8

53.     Paragraph 53 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

54.     Paragraph 54 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

55.     MD Anderson denies the allegations contained in paragraph 55 of the Complaint.

56.     MD Anderson denies that it denied Plaintiffs due process and that there was no opportunity to appeal. The remainder of paragraph 56 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

57.     Paragraph 57 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

58.     MD Anderson denies the allegations contained in paragraph 58 of the Complaint.

59.     MD Anderson denies the allegations contained in paragraph 59 of the Complaint.

**COUNT IV**
**Fourteenth Amendment—Equal Protection Clause**
**42 U.S.C. § 1983**

60.     MD Anderson admits that Plaintiffs restate each of the foregoing paragraphs, but admits or denies each of them as set forth herein.

61.     Paragraph 61 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

62.     Paragraph 62 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

63.     Paragraph 63 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

64.     MD Anderson admits that certain employees were granted exemptions from its vaccine program, however, because Plaintiffs do not identify the comparators, MD Anderson is unable to admit or deny the remaining allegations in paragraph 64 of the Complaint.  For clarity, MD Anderson avers that each of the Plaintiffs' exemption request was granted on March 23, 2022.

65.     MD Anderson denies the allegations contained in paragraph 65 of the Complaint.

66.     MD Anderson denies the allegations contained in paragraph 66 of the Complaint.

**COUNT V**
**Violation of Title VII**
**42 U.S.C. § 2000e *et seq.***

67.     MD Anderson admits that Plaintiffs restate each of the foregoing paragraphs, but admits or denies each of them as set forth herein.

68.     Paragraph 68 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

10

69.     Paragraph 69 contains a legal conclusion, statement, or argument that MD Anderson is not required to answer, and on that basis, denies all of them.

70.     MD Anderson admits that each of the Plaintiffs sought a religious exemption from its vaccine program as alleged in paragraph 70 of the Complaint.

71.     MD Anderson denies the allegations contained in paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint contains argument that MD Anderson is not required to admit or deny and, on that basis, MD Anderson denies the allegations contained in paragraph 72 of the Complaint.

73.     MD Anderson denies the allegations contained in paragraph 73 of the Complaint.

74.     MD Anderson denies the allegations in paragraph 74 of the Complaint and, for clarity, avers that each of the Plaintiff's requested accommodation was granted on March 23, 2022.

75.     MD Anderson is without sufficient knowledge to admit or deny the allegations contained in paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

76.     MD Anderson denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiffs, in each alleged cause of action, have failed to state a claim upon which relief may be granted.

2.     Plaintiffs' complaints are moot.

3.     Plaintiffs' requested accommodation(s), if any, would impose an undue hardship.

4.     By reason of his or her conduct, actions, or statements, each Plaintiff is estopped from or has waived asserting his or her rights herein.

5.     MD Anderson has not violated any established right under the Constitution or the laws of the United States or Texas providing for the protection of civil rights.

6.     Plaintiffs' injuries, if any, resulted from their own culpable conduct.

7.     Plaintiffs have suffered no deprivation or damages, including nominal damages.

8.     Plaintiffs are not entitled to injunctive relief because they cannot show there is any real or immediate threat that any of Plaintiffs will be harmed in the future.

9.     Plaintiffs have failed to exhaust their administrative remedies.

10.     Plaintiffs are not entitled to duplicative remedies for the same underling actions or omissions under the various statutes invoked in this action.  Plaintiffs are required to elect their remedies.

11.     Defendant has never acted maliciously, willfully, or recklessly toward Plaintiffs so as to be liable for any claim or damage at issue herein.

12.     Defendant's actions were based on legitimate, non-discriminatory, non-pretextual business reasons.  At all times, Defendant MD Anderson acted in good faith with regard to the employment of Plaintiffs without any intent to, and did not, discriminate against Plaintiffs.

13.     Plaintiffs' claims are barred, in whole or in part, because Defendant maintains sovereign immunity.

14.     Plaintiff's claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction.

15.     MD Anderson reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

## PRAYER FOR RELIEF

For these reasons, Defendant, The University of Texas M. D. Anderson Cancer Center, requests that this Honorable Court deny all of the remedies Plaintiffs request in the Complaint, dismiss the Complaint with prejudice, and that it be awarded its costs and fees and such other and further relief as the Court deems just and proper.


July 22, 2022                           Respectfully submitted,


                                        By:*/s/ Jessica Glatzer Mason*
                                        Jessica Glatzer Mason
                                        FOLEY & LARDNER, LLP
                                        Federal ID No. 617542
                                        1000 Louisiana Street
                                        Suite 2000
                                        Houston, Texas  77002

(713) 276-5500 (Telephone)
(713) 276-5555 (Fax)
JMason@Foley.com (Email)

Brooke C. Bahlinger
FOLEY & LARDNER, LLP
Texas State Bar No. 24116056
2021 McKinney Avenue
Suite 1600
Dallas, Texas 75201
(214) 999-4031 (Telephone
bbahlinger@foley.com (Email)

**ATTORNEYS IN CHARGE FOR
DEFENDANT THE UNIVERSITY OF TEXAS
M.D. ANDERSON CANCER CENTER**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via ECF on this 22nd day of July 2022, as follows:

Kenneth A. Klukowski
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006

*/s/ Jessica Glatzer Mason*
Jessica Glatzer Mason
