United States District Court
Southern District of Texas
**ENTERED**
May 05, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| BOBBY BELLARD, *et al.*, § § § Plaintiffs. § § V. § CIVIL ACTION NO. 3:22-cv-00088 § THE UNIVERSITY OF TEXAS MD § ANDERSON CANCER CENTER, *et* § *al.*, § § Defendants. § | |

## OPINION AND ORDER

As required by the Galveston local procedures, the parties have submitted a joint letter identifying two discovery disputes. *See* Dkt. 42. I heard oral argument and then invited the parties to submit supplemental briefing. *See* Dkts. 46–49. My rulings are detailed below.

## BACKGROUND

Dr. Speer and Dr. Bellard are former physicians at the University of Texas MD Anderson Cancer Center ("MD Anderson"). They refused to comply with MD Anderson's COVID-19 vaccine mandate. Both doctors requested a religious exemption because of their faith-based beliefs, but MD Anderson denied the requests. Plaintiffs bring this suit as a civil rights action under the United States Constitution, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, seeking monetary damages as well as declaratory and injunctive relief. The Defendants are MD Anderson and various of its officers.

## ANALYSIS

**Issue #1.** Defendants have requested that Dr. Speer be required to turn over his notes and journals about his religious faith during the relevant time period. The requested documentation, Defendants insist, is relevant because "[t]he sincerity of a plaintiff's belief in a particular religious practice is an essential part of the

plaintiff's prima facie case under . . . Title VII." *Tagore v. United States*, 735 F.3d 324, 328 (5th Cir. 2013). I agree. The Fifth Circuit has noted that "the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting FED. R. CIV. P. 26(b)(1)). Because Dr. Speer put his religious beliefs at issue by filing this lawsuit, his notes and journals detailing his religious beliefs are relevant. Although I certainly understand why Dr. Speer may be reluctant to produce his personal notes and journals concerning his religious faith, I have entered a protective order to allay any concerns that the documentation will be widely disseminated. I further order that the responsive documentation be produced under the Attorney's Eyes Only designation.

**Issue #2.** During discovery, Defendants requested that Plaintiffs produce relevant communications between Plaintiffs and third parties. In response, Plaintiffs produced a heavily redacted copy of a Telegram[1] chat, created in November 2021 among Plaintiffs and approximately 25 to 30 other MD Anderson employees titled "MDA Fight Back Chat" (the "Chat"). To be clear, Plaintiffs have produced only the Chat messages sent by Plaintiffs themselves. Chat messages sent by other employees have been completely redacted, as has any information identifying the other Chat participants. Plaintiffs assert that the withheld information is protected by the First Amendment privilege. At oral argument, Defendants' counsel explained that Defendants seek only the content of the Chat messages. Defendants' counsel specifically disavowed any effort to have the identities of the Chat participants disclosed.

The First Amendment "privilege protects against a forced '[d]isclosure[] of political affiliations and activities' that would have a deterrent effect on the exercise of free speech or freedom of association rights." *La Union del Pueblo Entero v. Abbott*, No. SA-21-CV-00844, 2022 WL 17574079, at *6 (W.D. Tex. Dec. 9, 2022)

---

[1] Telegram is an application-based messaging platform that permits messaging among large groups.

(quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)); *see also In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 479 (10th Cir. 2011) ("[T]he First Amendment privilege generally guarantees the right to maintain private associations when, without that privacy, there is a chance that there may be no association and, consequently, no expression of the ideas that association helps to foster.").

First Amendment privilege claims are generally evaluated under a two-part test. The party asserting the privilege must first make "a prima facie showing of arguable First Amendment infringement." *La Union del Pueblo Entero*, 2022 WL 17574079, at *6. "This prima facie showing requires the party to prove that enforcement of the discovery requests will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or chilling of, the members' associational rights." *Id.* Upon a prima facie showing, the burden shifts to the requesting party to establish that the information sought "is sufficient to justify the deterrent effect on the free exercise of the constitutionally protected right of association." *Id.*

The First Amendment privilege does not apply here. As Defendants note: "Plaintiffs make no showing as to how disclosure of the Chat messages will result in harassment, membership withdrawal, or discouragement and further fail to show any other consequence that suggests an impact on associational rights, especially in light of the fact that Defendants do not seek the members' identities." Dkt. 46 at 3. Although Plaintiffs' counsel asserted at oral argument that disclosure of the Chat messages would allow Defendants to ascertain the identity of the Chat members, I am not persuaded. I have carefully reviewed the Chat messages in camera, and I do not believe that disclosure of the contents of the Chat messages sent by employees other than Plaintiffs will, in fact, reveal the identity of those employees.

Even if Plaintiffs were able to make out a prima facie showing of arguable First Amendment infringement, it is my view that Defendants have met their

burden to demonstrate that the information sought is sufficient to justify any alleged deterrent effect. To understand the context of the Chat messages sent by Plaintiffs, it is imperative to review the entire Chat chain, as opposed to "Plaintiffs' cryptic, stand-alone messages." *Id.* at 4.

All in all, the balance of interests does not weigh in favor of application of the First Amendment privilege in this case. Accordingly, Plaintiffs are ordered to produce the contents of the Chat messages, with only the Chat members' identities redacted.

SIGNED this 5th day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE